UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN ANTHONY SHERRED,

        Plaintiff,   :

  v.                                 Case No. 2:25-cv-79
                                   Chief Judge Sarah D. Morrison
                                   Magistrate Judge Kimberly A. Jolson

FITNESS INTERNATIONAL, LLC,   :

        Defendant.

**OPINION AND ORDER**

John Anthony Sherred, proceeding without assistance of counsel, brought claims against Fitness International, LLC d/b/a Esporta Fitness for violations of Title III of the Americans with Disabilities Act, O.R.C. § 4112.02(G), Title VII of the Civil Rights Act of 1964, and O.R.C. § 4112.02(I).

Esporta filed a Motion to Dismiss. (ECF No. 7). After the time to respond elapsed, the Court provided Mr. Sherred fourteen days to show cause why he should be allowed to file a late response to Esporta's Motion. (ECF No. 9). Mr. Sherred did not respond.

Esporta's Motion is ripe for ruling. For the reasons below, the Motion is **GRANTED**.

I.    BACKGROUND

Mr. Sherred was a member of Esporta fitness until they cancelled his membership in January 2024. (Compl. ¶ 6, ECF No. 4.) He brought suit against

Esporta in state court, alleging that the termination of his membership amounted to disability discrimination and retaliation. Esporta timely removed the case to this Court. (ECF No. 1.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a motion to dismiss, the Court "construe[s] the complaint

2

in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions. *See Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). Indeed, his "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. ANALYSIS

#### A. Mr. Sherred's discrimination claims fail.

To state a claim under Title III and O.R.C. § 4112.02(G), Mr. Sherred must allege facts showing, among other things, that he is disabled within the meaning of the ADA. *Snyder v. Lady Slings the Booze, LLC*, 73 F.Supp.3d 871, 874 (W.D. Ky. 2014) (citing 42 U.S.C. § 12182(a)); *see also Ross v. Choice Hotels Int'l., Inc.*, 882 F.Supp.2d 951, 953 (S.D. Ohio 2012) (Frost, J.) (citing *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 434 (6th Cir. 2004)) (analyzing a § 4112.02(G) claim under the same standard as its counterpart federal claim).

In his Complaint, Mr. Sherred alleges that he is a "senior citizen with a documented disability as defined by the Americans with Disabilities Act." (Compl. ¶ 3.) He does not identify his disability with specificity. This conclusory allegation is insufficient to state a claim of disability discrimination under the ADA or O.R.C. § 4112.02(G). *See Wallace v. Trumbull Mem'l Hosp.*, 970 F.Supp. 618, 620 (N.D. Ohio 1997).

### B. Mr. Sherred's retaliation claims fail.

Mr. Sherred alleges that Esporta terminated his gym membership in retaliation for his filing a civil rights claim, in violation of Title VII and O.R.C. § 4112.02(I). (Compl. ¶ 13.) Title VII applies only to employers. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 852 (6th Cir. 2017) (citations omitted). Mr. Sherred alleges that he was an Esporta member, not an employee. (Compl. ¶ 5.) His Title VII claim fails.

Mr. Sherred's O.R.C. § 4112.02(I) claim also fails. His Complaint alleges that Esporta terminated his gym membership in January 2024 in retaliation for a civil rights claim that he filed in December 2024. (*Id.* ¶ 7.) Esporta could not retaliate against Mr. Sherred before he filed his civil rights claim.

Even if Mr. Sherred made a typographical error and filed a civil rights claim in December 2023, his Complaint fails to allege facts to show that Esporta knew of the civil rights claim. *See Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 510 (6th Cir. 2016) ("Establishing a prima facie case of retaliation requires [Mr. Sherred] to demonstrate . . . his engagement in protected activities was known to [Esporta].").

### IV. CONCLUSION

Based on the foregoing, Esporta's Motion to Dismiss is **GRANTED**. This case is terminated.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4